UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHERRY PETERS KERN            *       CIVIL ACTION

VERSUS                        *       NO: 05-3066

BLAINE KERN ARTISTS, INC.,    *       SECTION: "D"(5)
ET AL

**ORDER AND REASONS**

Before the court are the following motions:

(1) **"Motion for Summary Judgment"** filed by Defendant, Coventry Health Care of Louisiana, Inc. (Coventry);

(2) **"Motion to Dismiss or, Alternatively, to Preclude Plaintiff from Calling Witnesses and Introducing Exhibits at Trial"** filed by Coventry; and

(3) **"Motion to Dismiss or, Alternatively, to Preclude Plaintiff from Calling Witnesses and Introducing Exhibits at Trial and Motion for Summary Judgment"** filed by Defendant, Blaine Kern Artists, Inc.

Plaintiff, Sherry Kern, opposes these motions.  After the initial review of the memoranda of counsel, the court ordered

Defendants to produce certain documents, which they did.[1]  Now,

---

[1]     In Coventry's memorandum in support of its **Motion for Summary Judgment**, Coventry stated:

> At all times pertinent hereto, Mr. Ashton O'Dwyer, Jr. served as [Plaintiff's] counsel.  On March 30, 2004, Mr. O'Dwyer remitted, on behalf of [Plaintiff], 297 separate items for which reimbursement was sought.  Given the volume of items, coupled with the necessity of obtaining additional information with (sic) [Plaintiff] as to many items, Coventry responded to [Plaintiff], through Mr. O'Dwyer, on September 28, 2004 and again on October 8, 2004, indicating those claims it had paid, whether by reimbursement to Kern or directly to the medical provider, and those claims which were denied.  A spreadsheet was included, along with the Plan, indicating which of the requested claims were covered expenses and which were not covered expenses.
>
> Since the correspondence and enclosures referenced in the previous paragraph contain protected health information under HIPPA, that material has been intentionally omitted from this filing.  However and to the extent the Court declines to grant this Motion on the grounds set forth in prior sections of the memorandum, Coventry is prepared to produce, for *in camera* inspection, the aforementioned documents to enable the court to grant summary dismissal of plaintiff's claims.

(Coventry's Supporting Memo. at pp. 10-11).

In response to the court's Order, Coventry produced documents for the court's *in camera* review.  The court later had these documents filed into the record.  (*See* fn. 4, *infra*).

In the memorandum in support of its **"Motion to Dismiss or, Alternatively, to Preclude Plaintiff from Calling Witnesses and Introducing Exhibits at Trial and Motion for Summary Judgment,"** Defendant Blaine Kern Artists, Inc. (BKA) argued in part:

> Ms. Kern appears to be claiming that she was entitled to 36 months of coverage under COBRA from the date of her divorce from Mr. Kern because she was the spouse of a BKA employee, rather than 18 months of coverage under COBRA from the date her employment with BKA terminated.  Ms. Kern's position is legally incorrect, as she is only entitled to 36 months of coverage under COBRA if, on the before her divorce, she was a beneficiary under the plan as Mr. Kern's spouse.  Because she was not a beneficiary under the plan as

> Mr. Kern's spouse at any time but was always under the
> plan as a covered employee, she was entitled under
> COBRA to elect only the maximum of 18 months of
> continued coverage which she was offered and which she
> elected.

(BKA's Supporting Memo. at 6-7).

In response to the court's Order instructing Blaine Kern Artists, Inc. to submit to the court summary-judgment type evidence that supports its argument that "[Plaintiff] was not a beneficiary under the plan as Mr. Kern's spouse at any time but was always under the plan as a covered employee," Blaine Kern Artists, Inc. produced the Affidavit of Dari Jessup with attached Exhibit A. (*See* Affidavit, Doc. No. 40).

After reviewing the documents submitted by Coventry and Blaine Kern Artists, Inc., the court instructed Plaintiff to file supplemental memoranda in opposition to <u>both</u> Defendant Coventry's **"Motion for Summary Judgment"** <u>and</u> Defendant Blaine Kern Artists, Inc.'s **"Motion to Dismiss or, Alternatively, to Preclude Plaintiff from Calling Witnesses and Introducing Exhibits at Trial and Motion for Summary Judgment"** (which the court said it was treating as a Motion for Summary Judgment), by **Friday, September 1, 2006 at 3:00 p.m.** (*See* Order, Doc. No. 37). In light of the documents submitted to the court (which included the Affidavit of Dari Jessup submitted by Blaine Kern Artists, Inc. and *in camera* material submitted by Coventry), the court further instructed Plaintiff to support her supplemental memoranda with competent summary judgment evidence, and not mere conclusory allegations or statements. (*Id.*).

On August 22, 2006, counsel for Plaintiff faxed to the court a letter stating:
> With reference to the recently filed Affidavit by Ms.
> Kern's accountant, I respectfully submit that all it
> does is raise a genuine issue of material fact,
> precluding the granting of a judgment on summary
> basis. Mrs. Kern's rights flow from the ERISA
> statute, as modified by COBRA, and from the terms and
> conditions of the plan - not by virtue of what Mr.
> Kern and his accountant may have conjured up to cheat
> her out of.

(*See* August 22, 2006 letter, Doc. No. 46).

On the afternoon of Friday, September 1, 2006, Plaintiff's counsel telephoned the court to ask for an extension to file her supplemental opposition and the court gave him until **3:45 p.m.** to do so. Shortly before the **3:45 p.m.** deadline, Plaintiff's counsel again telephoned the court to advise that he would have to fax the court his memorandum, because his secretary refused to walk to court to file the document and counsel "could not deal with it." Plaintiff's counsel then **faxed** to the court's chambers "Plaintiff's Court-Ordered Memorandum" with an attached *unsigned* Affidavit of Plaintiff. Plaintiff's counsel states in the memorandum that Mrs. Kern's original

3

having considered all submissions of the parties, the record, and the applicable law, the court rules as follows.

## I.  Background

Plaintiff, Sherry Kern, was an employee of Blaine Kern Artists, Inc. until **June 30, 2001**.  As an employee of Blaine Kern Artists, Inc., Plaintiff received health care benefits through Blaine Kern Artists, Inc.'s group health insurance plan with Coventry Health Care of Louisiana (Coventry).

Plaintiff was married to Blaine S. Kern, Sr. (the owner of Blaine Kern Artists, Inc.), until they divorced on **January 3, 2001** (almost six months before Plaintiff's employment with Blaine Kern Artists, Inc. ended).

According to Dari Jessup, the bookkeeper for Blaine Kern Artists, Inc., Plaintiff was covered under the group health plan with Coventry as an employee of Blaine Kern Artists, Inc., and not as the spouse of Blaine Kern, Sr.  (*See* Doc. No. 40, Affidavit of Dari Jessup).  Jessup explained, as shown by Exhibit A attached to

---

Affidavit "will be filed in the record on Tuesday, September 5, 2006, since Mrs. Kern was unavailable today to sign the Affidavit."

Even if the faxed Affidavit of Mrs. Kern was *signed,* the court finds that it sheds little if any light on the issues before this court.  The court will have Plaintiff's memorandum and attachments filed into the record under a separate order.

her Affidavit, that:

> both Blaine Kern, Sr. and Sherry Peters Kern were covered as employees (EMP), at a cost of $188.02 per month each.  Had Sherry Peters Kern been covered as Blaine Kern. Sr.'s spouse, she would not be included on this list and Blaine Kern, Sr. would be shown as having family coverage (FAM) at a cost of $599.77 per month.

(*Id*).

In this suit, Plaintiff sues both Coventry and Blaine Kern Artists, Inc., allegedly the administrator of the employee welfare benefit plan obtained from Coventry.  In her Complaint, Plaintiff alleges in part:

> 7.
>
> Upon terminating her employment on June 30, 2001, BKA also terminated the health insurance benefits which Sherry Peters Kern had previously been entitled to from Coventry....
>
> 8.
>
> Thereafter, although Sherry Peters Kern has been in dire need of health care benefits, none have been available to her, which has resulted in deterioration of her mental and physical health, and which has caused her severe emotional and mental anguish and distress.
>
> 9.
>
> Sometime on or about October 31, 2001, BKA and Coventry conspired to reinstate the health care benefits previously enjoyed by Sherry Peters Kern, and to provide her with continuation coverage for health care, but

> only for a period of 18 months commencing from July 1, 2001 [i.e., the day following the end of Plaintiff's employment with Blaine Kern Artists, Inc.] ... Further, Coventry has failed to pay any health care benefits to Sherry Peters Kern notwithstanding submission of properly documented and supported proof of loss by Sherry Peters Kern.
>
> ...
>
> 14.
>
> Providing proper notice of COBRA continuation coverage rights is a key requirement under COBRA, and more particularly of 29 U.S.C, §1166.  BKA failed to provide Sherry peters Kern with timely or adequate notice of COBRA continuation of coverage rights, necessary to allow Sherry peters Kern, a qualified beneficiary, to make an informed decision regarding continuation coverage of health care benefits.

(*See* Complaint, Doc. No. 1).

In this suit, Plaintiff sues both Coventry and Blaine Kern Artists, Inc., claiming that she is entitled to at least 36 months of COBRA coverage from January 3, 2001, the date of her divorce from Blaine S. Kern, Sr.  (*See* Complaint at ¶15).  From Coventry, Plaintiff seeks damages, penalties and attorney' fees pursuant to LSA.-R.S. 22:658 and LSA-R.S. 22:1220, as well as payment or reimbursement of health care benefits.  (*Id*. at 16).  From Blaine Kern Artists, Inc., Plaintiff seeks: general, special and compensatory damages; damages pursuant to 29 U.S.C. §1132(c); statutory penalties; attorney's fees and costs, including fees and

costs pursuant to 29 U.S.C. §1132(g); relief pursuant to 29 U.S.C. §1132(c)(1), equitable relief and continuation of health care benefits coverage. (*Id*. at 18).

In Coventry's present **Motion for Summary Judgment**, Coventry argues that: the "qualifying event" event for COBRA coverage was Plaintiff's termination of her employment; Coventry has paid those charges which were covered expenses either by reimbursement to Plaintiff or directly to the medical provider; Plaintiff's claims under LSA-R.S. 22:1220 are pre-empted by ERISA and they are prescribed; and Plaintiff does not have a cause of action under LSA-R.S. 22:658.

In Blaine Kern Artists, Inc.'s **Motion for Summary Judgment**, Blaine Kern Artists, inc. similarly argues that Plaintiff elected and received 18 months of continuation coverage that she was entitled to under COBRA based on the termination of her employment with Blaine Kern Artists, Inc., and she is not entitled to 36 months of continuation coverage as the spouse of a covered employee.

Further, both Coventry and Blaine Kern Artists, Inc. have filed respective **Motions to Dismiss or, Alternatively, to Preclude Plaintiff from calling Witnesses and Introducing Exhibits at Trial** based on Plaintiff's failure to file witness and exhibit lists.

## II. Legal Analysis

**A. "Qualifying event"**

The subject Coventry group health insurance policy was issued to Blaine Kern Artists, Inc. pursuant to the Employee Retirement Income Security Act of 1972 (ERISA), 29 U.S.C. §1001 *et seq*. Pursuant to 29 U.S.C. §1161(a),

> The plan sponsor of each group health plan shall provide, in accordance with this part, that each qualified beneficiary who would lose coverage under the plan as a result of a **qualifying event** is entitled, under the plan, to elect, within the election period, continuation coverage under the plan.

29 U.S.C. §1161(a)(emphasis added).

Pursuant to 29 U.S.C. §1163,

> the term **"qualifying event"** means, with respect to any covered employee, any of the following events which, but for the continuation of coverage required under this part, would result in the loss of coverage of a qualified beneficiary:
>
> (1) The death of the covered employee.
>
> (2) The termination (other than by reason of such employee's gross misconduct), or reduction of hours, of the covered employee's employment.
>
> (3) The divorce or legal separation of the covered employee from the employee's spouse.
>
> (4) The covered employee becoming entitled to benefits under title XVIII of the Social Security Act ...

>   (5) A dependent child ceasing to be a dependent child under the generally applicable requirements of the plan.
>
>   (6) A proceeding in a case under Title 11 ....

29 U.S.C. §1163 (emphasis added).

Pursuant to 29 U.S.C. §1162(2), entitled "Period of coverage,"

> The [continuation] coverage must extend for at least the period beginning on the date of the qualifying event and ending not earlier than the earliest of the following:
>
> **(A) Maximum required period**
>
> > **(I) General rule for termination and reduced hours**
> >
> > In the case of a qualifying event described is section 1163(2) of this title [i.e., termination of employment], except as provided in clause (ii), the date which is *18 months* after the date of the qualifying event. [bold italics added]
> >
> > **(ii) Special rule for multiple qualifying events**
> >
> > If a qualifying event (other than a qualifying event described in section 1163(6) of this title [i.e., re: Title 11]) occurs during the *18 months* after the date of a qualifying event described in section 1163(2) of this title [i.e., termination of employment], the date which is

9

>>***36 months*** after the date of the qualifying event described in section 1163(2) of this title. [bold italics added]
>
>> **(iii) Special rule for certain bankruptcy proceedings**
>
>>> . . .
>
>> **(iv) General rule for other qualifying events**
>
>>> In the case of a qualifying event not described in Section 1163(2) or 1163(6) of this title, the date which is ***36 months*** after the date of the qualifying event. [bold italics added]
>
>>> . . .

29 U.S.C. §1162(2)(A)).

In this case, Plaintiff argues that her divorce from Blaine Kern, Sr. on **January 3, 2001** was the qualifying event. However, on this date she was not in danger of losing of health coverage because she was still employed at Blaine Kern Artists, Inc. It was not until that employment terminated on **June 30, 2001** (some six months after her divorce) that she would have lost coverage "but for the continuation coverage required under this part." 29 U.S.C.

§1163. Further, there is no genuine issue of material fact that Plaintiff was covered under the group health plan with Coventry as an employee of Blaine kern Artists, Inc., and not as a spouse of Blaine Kern, Sr.  (*See* unrebutted Affidavit of Dari Jessup, Doc. No. 40).

The court concludes as a matter of law that the "qualifying event" in this matter was Plaintiff's termination of employment, entitling her to 18 months of continued coverage after the date of her termination on June 30, 2001.  29 U.S.C. §1162(2)(A)(1) and 29 U.S.C. §1163(2).  Thus, Defendants are entitled to summary judgment dismissal of Plaintiff's claim that she is entitled to 36 months of COBRA coverage commencing from the date of her divorce.

**B.  Did Coventry pay all benefits that Plaintiff was entitled during the 18-month period following her termination from employment?**

The court now addresses the issue of what benefits Plaintiff was entitled to and what benefits Coventry paid during the 18 months after Plaintiff's employment termination.  While Plaintiff seems to admit in Paragraph 9 of her Complaint that she was provided continuation coverage for health care for 18 months

11

commencing on July 1, 2001,[2] she nevertheless alleges that "Coventry has failed to pay any health care benefits ... notwithstanding submission of properly documented and supported proof of loss." (Complaint at ¶9).[3]

To the extent that Plaintiff is seeking payment of benefits *outside the 18 months* of COBRA coverage to which she is entitled, Plaintiff's claim is dismissed on summary judgment. However, to the extent that she is seeking payment of benefits incurred *within this 18-month period*, the court must find, at this juncture, that Coventry has failed to provide competent summary judgment to support summary judgment dismissal of such a claim. While Coventry submitted for the court's *in camera* review certain documentation of what benefits it has purportedly paid to or on behalf of Plaintiff, Coventry failed to provide an Affidavit of the Coventry

---

[2] In Paragraph 9 of her Complaint, Plaintiff alleges in part:

> Sometime on or about October 31, 2001, BKA and Coventry conspired to reinstate the health care benefits previously enjoyed by Sherry Peters Kern, and to provide her with continuation coverage for health care, but only for a period of 18 months commencing from July 1, 2001. However, 18 months of health care benefits from July 1, 2001 is a much shorter period of time than Sherry Peters Kern is entitled to by law....

(Complaint at ¶9).

[3] In her Complaint, Plaintiff also alleges that Coventry "has wrongfully denied payment or reimbursement of health care benefits." (Complaint at ¶ 16). Further, in her Reply to Coventry's Statement of Material Fact No. 4, Plaintiff states (without supporting summary-judgment type evidence) that "No claims were ever paid by Coventry."

representative who prepared such documents or who could authenticate such documents. (*See* documents attached to Order, Doc. No. 44).[4]

In her Supplemental Opposition Memorandum, Plaintiff responds:

> As to the documents which the Court has ordered produced by Coventry, Mrs. Kern does hereby waive any privilege or privacy with respect to the said documents. She also avers, **upon information and belief**, that Coventry has approved for payment no more than $1500 in claims submitted that totaled over thirty-score that amount.

(Doc. No. 43, Plaintiff's Supp. Opp. at 2)(emphasis added). *Had Coventry submitted its* in camera *documents in proper summary judgment form, Plaintiff could not rely on such unsubstantiated and conclusory allegations to defeat summary judgment.*

Further, Plaintiff attached to her supplemental opposition, excerpts of her deposition testimony taken in connection with her divorce proceedings in state court. Plaintiff contends that in such deposition testimony, she explains how her health insurance was terminated without cause, and not reinstated, as promised by her husband. However, the court finds that such deposition testimony does nothing to establish a genuine issue of fact as to what claims have or have not been paid.

---

[4] The court ordered that the *in camera* documents be filed into the record after Plaintiff's counsel advised the court that Plaintiff waived any privilege of privacy with respect to these documents. (*See* Order, Doc. No. 44).

Thus, while the court has concluded that Plaintiff is only entitled to 18 months of COBRA coverage commencing from the date of her employment termination, at this juncture, the court cannot grant Coventry's Motion for Summary Judgment on the issue of what benefits have or have not been paid during this 18-month period.

**C.  "Notice"**

"Notice requirements" are set forth in 29 U.S.C. §1166 as follows:

>   (a)  In general
>
>        In accordance with regulations prescribed by the Secretary–
>
>        (1)  the group health plan shall provide, at the time of commencement of coverage under the plan, written notice to each covered employee and spouse of the employee (if any) of the rights provided under this subsection,
>
>        (2)  the employer of an employee under a plan must notify the administrator of a qualifying event described in paragraph (1), (2), (4), or (6) of section 1163 of this title within 30 days ... of the date of the qualifying event,
>
>        (3)  each covered employee or qualified beneficiary is responsible for notifying the administrator of the occurrence of any qualifying event described in paragraph (3) or

> > (5) of section 1163 of this title within 60 days after the qualifying event ... and
>
> > (4) the administrator shall notify --
>
> > > (A) in the case of a qualifying event described in paragraph (1), (2), (4), or (6) of section 1163 of this title, any qualified beneficiary with respect to such event, and
>
> > > (B) in the case of a qualifying event described in paragraph (3) or (5) of section 1163 of this title where the covered employee notifies the administrator under paragraph (3), any qualified beneficiary with respect to such event,
>
> > of such beneficiary's rights under this subsection....

29 U.S.C. §1166.

Pursuant to 29 U.S.C. §1132(c)(1),

> Any administrator (A) who fails to meet the requirements of paragraph (1) or (4) of section 1166 of this title ..., or (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up

15

>     to $100 a day from the date of such failure or
>     refusal, and the court may in its discretion
>     order such other relief as it deems proper....

29 U.S.C. §1132(c)(1).

And pursuant to 29 U.S.C. §1132(g)(1):

>     In any action under this subchapter ... by a
>     participant, beneficiary, or fiduciary, the
>     court in its discretion may allow a reasonable
>     attorney's fee and costs of action to either
>     party.

29 U.S.C. §1132(g)(1).

It is unclear from the record whether Plaintiff received "notice." Thus, the issues of notice under 29 U.S.C. §1166(a); statutory penalties or other relief under 29 U.S.C. §1132(c)(1); and attorney's fees and costs under 29 U.S.C. §1132(g)(1) remain triable issues.

**D.  Plaintiff is not entitled to extra-contractual damages.**

While the issue of statutory penalties or other relief under 29 U.S.C. §1132(c)(1) remains triable, Plaintiff's claims for extra-contractual damages must be dismissed on summary judgment, because extra-contractual damages are not recoverable under ERISA. *Lopez v. Premium Auto Acceptance Corp.*, 389 F.3d 504, 509 (5th Cir. 2004); *Rollo v. Maxicare of Louisiana, Inc.*, 698 F.Supp. 111, 115 (E.D.La. 1988)(Feldman, J.); *Allen v. Loyola University*, 1996 WL 82286 (E.D.La. 1996)(Fallon, J.).

**E.  Plaintiff's claims against Coventry under LSA-R.S. 22:658 and LSA-R.S. 22:1220 must be dismissed.**

Any claim that Plaintiff asserts against Coventry under state law for damages, penalties, and attorney's fees is pre-empted by ERISA.  Further, LSA-R.S. 22:658, on its face, is inapplicable to health insurance policies.  However, even assuming that Plaintiff is making a claim under LSA-R.S. 22:657, such a claim (like her claim under LSA-R.S. 22:1220) is pre-empted by ERISA.

Thus, Coventry is entitled to summary judgment dismissal of Plaintiff's claims asserted under LSA-R.S. 22:658 and LSA-R.S. 22:1220.

**F.  Plaintiff's failure to file witness and exhibit lists**

Under this court's Scheduling Order, Plaintiff was instructed to file her witness and exhibit lists no later than June 30, 2006. Plaintiff failed to do so, and merely argues in her opposition memorandum that "no witness other than Mrs. Kern will be called to testify at trial, and that no exhibit not seen before by the parties and their counsel will be sought to be introduced in evidence."  (Opp. Memo. at 3).

Because of Plaintiff's failure to file her witness and exhibit lists, the court will not allow Plaintiff to call any witnesses or introduce any exhibits other than those listed by Defendants on their respective witness and exhibit lists.

Accordingly;

**IT IS ORDERED** that the **Motions for Summary Judgment** filed by Coventry and Blaine Kern Artists, Inc. be and are hereby **GRANTED IN PART**, dismissing Plaintiff's claim that she is entitled to 36 months COBRA coverage commencing from the date of her divorce; dismissing Plaintiff's claims for extra-contractual damages; and dismissing Plaintiff's claims against Coventry asserted under state law (namely, under LSA-R.S. 22:658 and LSA-R.S. 2:1220).

However, Defendants' **Motions for Summary Judgment** are **DENIED** to the extent that the following issues remain triable: the benefits Plaintiff was entitled to during the 18-month period of COBRA coverage commencing from the date of her employment termination, and which of those benefits were paid by Coventry; "Notice" under 29 U.S.C. § 1166(a); statutory penalties or other relief under 29 U.S.C. §1132(c)(1); and attorney's fees and costs under 29 U.S.C. §1132(g).

**IT IS FURTHER ORDERED** that the **Motions to Dismiss or, Alternatively, to Preclude Plaintiff from Calling Witnesses and Introducing Exhibits at Trial** filed by Coventry and Blaine Kern Artists, Inc. be and are hereby **GRANTED** to the extent that Plaintiff will not be allowed to call any witnesses or introduce any exhibits other than those listed by Defendants on their

respective witness and exhibit lists.

New Orleans, Louisiana, this **1st** day of **September**, **2006**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE